# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | 14-88-SDD-RLB |
| JOCK R. JONES | |

### RULING

This matter is before the Court on the *Motion to Vacate under 28 U.S.C. 2255*[1] and *Motion to Correct Sentence and/or Record Pursuant to F.R.C.P. 36*[2] by Defendant Jock R. Jones ("Defendant"). The Government has filed *Oppositions*[3] to these motions, to which Defendant filed a *Reply*.[4] In his Section 2255 motion, the Defendant contends that he is entitled to relief under *Johnson v. United States*[5] regarding the residual clause of the Armed Career Criminal Act of 1984 (ACCA).[6] In the motion to correct sentence, Defendant contends there are errors in the Presentence Investigation Report ("PSR") which resulted in calculation errors that increased his sentence. Finally, in his *Supplement* to the Section 2255 motion, Defendant contends he received ineffective assistance of counsel which caused him to agree to a bench trial on the carjacking charge.

---

[1] Rec. Doc. No. 66. Defendant filed a Supplement to this motion at Rec. Doc. No. 73.
[2] Rec. Doc. No. 70.
[3] Rec. Doc. Nos. 77 & 85.
[4] Rec. Doc. No. 79.
[5] 135 S.Ct. 2551 (June 26, 2015).
[6] 18 U.S.C. § 924(e).

Document Number: 45620

I.  **BACKGROUND FACTS**

On July 24, 2014, the Defendant was charged by Indictment with and possession of a firearm by a convicted felon (Count 1); carjacking (Count 2); and using, brandishing, and carrying a firearm during the commission of a "crime of violence" (*i.e.*, the carjacking)(Count 3). The Defendant pled guilty to Count 1 on February 2, 2015,[7] waived a trial by jury on Counts 2 and 3,[8] and proceeded to a bench trial on Counts 2 and 3 on February 23, 2015 which resulted in his conviction of both counts.[9] On August 20, 2015, the Defendant was sentenced to 384 months of imprisonment which included the statutory, mandatory minimum sentence of 7 years for brandishing a firearm during a crime of violence.[10] The Defendant appealed his conviction to the Fifth Circuit where the Fifth Circuit rejected Defendant's arguments and held that: "Carjacking is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)."[11]

II. ***JOHNSON* RELIEF**

The Fifth Circuit's clear pronouncement that carjacking is "always and without exception a 'crime of violence'" forecloses Defendant's argument that he is entitled to relief under *Johnson*. Further, as explained in the Government's *Opposition*, Defendant's conviction was based on the Elements Clause of Section 924(c)(3)(A), not the residual clause. As such, *Johnson* is inapplicable to this case.[12] Defendant concedes that the Fifth Circuit has held that carjacking remains a "crime of violence" under 924(c)(3)(A), and

---

[7] Rec. Doc. No. 28.
[8] Rec. Doc. No. 25.
[9] Rec. Doc. No. 40.
[10] Rec. Doc. Nos. 49 & 51; *see* 18 U.S.C. § 922(g)(1)
[11] Rec. Doc. No. 64 at 4; *U.S. v. Jones*, 642 Fed. Appx. 304 (5th Cir. Mar. 14, 2016).
[12] Defendant's arguments on this issue were rejected by the Fifth Circuit in *U.S. v. Jones*, 854 F.3d 737 (5th Cir. 2017) and *U.S. v. Brewer*, 848 F.3d 711 (5th Cir. 2017).

the Court, bound by Fifth Circuit precedent, declines to adopts Defendant's pronouncement that "the Fifth Circuit got it wrong."[13]

## III. SUCCESSIVE SECTION 2255 MOTIONS

Although styled by Defendant as a *Motion to Correct Sentence and/or Record Pursuant to F.R.C.P. 36*, this motion, filed subsequent to Defendant's *Motion to Vacate under 28 U.S.C. 2255*, contains new claims that could have been brought in Defendant's first motion. Defendant's Rule 36 motion amounts to a collateral attack on his original sentence that must be brought under Section 2255.[14] A motion under Section 2255 is the primary mechanism for collaterally attacking a federal sentence.[15] Rule 36 allows a court to correct a clerical error in a judgment, order, or other part of the record. Defendant does not argue that a clerical error was made in his sentencing; rather, he alleges a misapplication of the sentencing guidelines. Thus, this motion is properly construed as a successive Section 2255 motion regardless of its moniker. Defendant raised this motion while his first Section 2255 motion was still pending. As this motion constitutes a successive Section 2255 petition, the Court is without jurisdiction to consider the merits of this claim without authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition.

Defendant also moved to supplement his pending Section 2255 motion pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Court initially allowed Defendant to supplement this motion.[16] Nevertheless, Defendant has asserted a new claim of ineffective assistance of counsel in the *Motion to Supplement*. Thus, the proposed

---

[13] Rec. Doc. No. 79 at 3.
[14] *U.S. v. Garcia*, 344 Fed. Appx. 935 (5th Cir. 2009).
[15] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[16] Rec. Doc. No. 82.

amended petition is considered a successive petition as described by 28 U.S.C. § 2244.[17] To overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[18]

Before the petition can be considered on the merits by this Court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a *prima facie* showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244 (b) (3) (A). Until such time as petitioner obtains said authorization, this Court may not proceed.

Accordingly, the Court's previous *Order*[19] granting Defendant's *Motion to Supplement/Amend* is hereby VACATED, and Defendant's motion is denied[20] without prejudice to the Defendant obtaining authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition.

## IV. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Vacate under 28 U.S.C. 2255*[21] is DENIED. The Defendant's *Motion to Correct Sentence and/or Record Pursuant to F.R.C.P. 36*[22] and *Motion to Supplement/Amend*[23] are DENIED without prejudice to the

---

[17] See *U.S. v. Williams*, No. 00-109-RET-SCR, 2010 WL 11474621 (M.D. La. Dec. 7, 2010).
[18] 28 U.S.C. § 2255.
[19] Rec. Doc. No. 82.
[20] Rec. Doc. No. 73.
[21] Rec. Doc. No. 66. Defendant filed a Supplement to this motion at Rec. Doc. No. 73.
[22] Rec. Doc. No. 70.
[23] Rec. Doc. No. 73.

Document Number: 45620

Defendant obtaining authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 19 day of December, 2018.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Document Number: 45620