## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| *versus* : | CRIMINAL NO. 14-88-SDD-RLB |
| : | |
| JOCK JONES : | |

## UNITED STATES' MOTION FOR ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND COMPELLING PRODUCTION OF RECORDS BY THE FEDERAL PUBLIC DEFENDER

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America which moves the Court as follows:

1.

Defendant Jock Jones was charged by indictment with possession of a firearm by a convicted felon (Count One), carjacking (Count Two), and brandishing a firearm during a crime of violence (Count Three). Defendant pled guilty to Count One and was convicted at a bench trial on Counts Two and Three. Defendant's trial convictions were affirmed on appeal.

2.

Defendant has filed several pleadings in the nature of a motion to vacate pursuant to 28 U.S.C. § 2255. With the exception of the ineffective-assistance-of-counsel (IAC) claims raised in Doc. 73, defendant's claims have been denied. A hearing on the remaining IAC claims is scheduled for Thursday, January 15, 2026, at 2:00 p.m.

3.

In Doc. 73, defendant alleges the following errors by his trial counsel, Mark Upton:

> In several meetings with Petitioner, Upton erroneously advised him that he was not guilty of carjacking and advised him to proceed with a bench trial on the carjacking charges.   Upton also failed to negotiate a plea agreement on petitioner's behalf, despite being requested to do so. Instead, Upton insisted on securing a 'ten-year plea' with the prosecutor.   When the prosecutor refused to accept such an offer, Upton erroneously advised Petitioner to proceed with a bench trial. Upton failed to advise Petitioner that he could enter an open guilty plea and that he would likely receive acceptance of responsibility.

Doc. 73 at 3 (footnotes omitted).   In a declaration attached to Doc. 73, defendant makes numerous representations about his communications with Mr. Upton.   See Doc. 73-1.

4.

To prepare for the upcoming hearing, it is necessary for undersigned counsel to review relevant records from defense counsel's file.   Mr. Upton has advised undersigned counsel that his file regarding defendant is in the possession of the Federal Public Defender's Office, where he was employed at the time of his representation of defendant.   Undersigned counsel therefore advised Marci Blaize, Supervisory Assistant Federal Public Defender, that a subpoena would be issued for the file.   However, Ms. Blaize responded that her office policy requires issuance of a court order, not merely a subpoena, for production of the file.

5.

Defendant has waived his attorney-client privilege with Mr. Upton by alleging ineffectiveness of counsel and by disclosing privileged communications. The FPD therefore cannot raise the privilege as a basis to oppose production of relevant records from the file.

6.

The United States therefore requests that the Court order production of all records relevant to the subject matter of the IAC complaint, specifically including any records related to the following: counsel's advice to defendant regarding pleading guilty (including the option of pleading guilty without a plea agreement) or going to trial; statements regarding possible sentencing implications of pleading guilty or going to trial (including discussion of a two-or-three-point guidelines reduction for acceptance of responsibility); counsel's evaluation of the strength of the Government's case and any advice or statements to the defendant related thereto; research conducted regarding the scope of the carjacking statute; counsel's opinion as to whether defendant's actions violated the carjacking statute and any advice or statements to the defendant related thereto; counsel's negotiations with the Government regarding a plea and his discussion or communication of those negotiations with defendant; and any statements by defendant regarding going to trial, pleading guilty, or sentencing.   The Court should also order production of any

records not included above that refute or corroborate the statements made by defendant in his declaration.

7.

Jane Hogan, counsel for defendant, has advised that she opposes this motion.

**WHEREFORE**, the United States respectfully requests that the Court issue an order finding that defendant has waived his attorney-client privilege with trial counsel and compelling the Federal Public Defender to produce relevant records from defendant's file to the United States and defendant's current counsel.

        UNITED STATES OF AMERICA, by

        KURT WALL
        UNITED STATES ATTORNEY

        /s/ M. Patricia Jones
        M. Patricia Jones, LBN 18543
        Assistant United States Attorney
        451 Florida Street, Suite 300
        Baton Rouge, Louisiana 70801
        Telephone: (225) 389-0443
        Fax: (225) 389-0561

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 14-88-SDD-RLB |
| | : | |
| JOCK JONES | : | |

**ORDER**

In consideration of the foregoing,

THE COURT HEREBY FINDS that the defendant has waived the attorney-client privilege with respect to the claims of ineffective assistance of counsel raised in defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 73).

IT IS THEREFORE ORDERED that Supervisory Assistant Federal Public Defender Marci Blaize shall produce to the United States and to Jane Hogan, current counsel for defendant, all relevant records from defendant's file as described in the United States' motion.

DATED AND SO ORDERED this _____ day of January, 2026, at Baton Rouge, Louisiana.

_____
CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA